**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| IRON THUNDERHORE | § | |
| VS. | § | CIVIL ACTION NO. 9:17cv196 |
| BRYAN COLLIER, ET AL. | § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING
### THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Iron Thunderhorse, proceeding *pro se*, filed the above-styled civil rights lawsuit against several defendants, including Kent Dickerson and Janice Hanson. The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable orders of this court.

Defendants Dickerson and Hanson have filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (doc. no. 27). The Magistrate Judge has submitted a Report and Recommendation recommending the motion be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Plaintiff filed objections. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

The Magistrate Judge recommended that claims asserted against defendants Dickerson and Hanson in the individual capacities be dismissed for failure to state a claim upon which relief may be granted. The recommendation was based on the Magistrate Judge's conclusion that plaintiff's allegations did not demonstrate either defendant was involved in his medical treatment or that defendant Dickerson could be held liable in a supervisory capacity. In addition, the Magistrate Judge concluded both of these defendants were entitled to qualified immunity. Further, the Magistrate Judge found that the Eleventh Amendment prevented the court from having jurisdiction over any claims asserted against the defendants in their official capacities.

Initially, plaintiff contends the Magistrate Judge erred by recommending a ruling on the motion to dismiss rather than directing plaintiff to file a more definite statement. However, plaintiff has not attempted to describe what additional allegations he would have put forth in a more definite statement or explain how the filing of a more definite statement would have prevented dismissal of his claims against defendants Dickerson and Hanson.

In addition, plaintiff asserts the Magistrate Judge erred by failing to convert the motion to dismiss, filed pursuant to Rule 12, into a motion for summary judgment filed pursuant to Federal of Civil Procedure 56. Rule 12(d) provides that if matters outside the pleadings are presented in support of a motion to dismiss filed under Rule 12(b)(6), the court shall treat the motion as a motion for summary judgment under Rule 56. In this case, however, defendants Dickerson and Hanson did not present any material outside the pleading in support of their motion. As a result, there was no basis for converting the motion to dismiss into a motion for summary judgment.

Finally, petitioner asserts the Eleventh Amendment does not provide a proper basis for dismissing claims asserted against these defendants in their official capacities. However, the authorities cited in the Report and Recommendation demonstrate that any official capacity claims are barred by the Eleventh Amendment.[1]

## ORDER

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ACCEPTED**. The motion to dismiss is **GRANTED**. The claims asserted against defendants Dickerson and Hanson are **DISMISSED**.

So **ORDERED** and **SIGNED March 22, 2020.**

_____

Ron Clark, Senior District Judge

---

[1] Plaintiff also contends the Eleventh Amendment does not provide a basis for dismissing claims asserted against defendants Dickerson and Hanson in their individual capacities. The court agrees. However, the Magistrate Judge did not state the Eleventh Amendment provided a basis for the dismissal of individual capacity claims.