\*\*NOT FOR PRINTED PUBLICATION\*\*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| IRON THUNDERHORE | § | |
| VS. | § | CIVIL ACTION NO. 9:17cv196 |
| BRYAN COLLIER, ET AL. | § | |

### ORDER OVERRULING OBJECTIONS AND ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Iron Thunderhorse, proceeding *pro se*, filed the above-styled civil rights lawsuit against several defendants, including Bryan Collier, Lorie Davis, Lanette Linticum, Tommie Haynes and Kenneth Hutto. The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable orders of this court.

These defendants have filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (doc. no. 28). The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the motion be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Plaintiff filed objections. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

The Magistrate Judge recommended that claims asserted against the defendants in their individual capacities be dismissed for failure to state a claim upon which relief may be granted. The recommendation was based on the Magistrate Judge's conclusion that plaintiff's allegations did not demonstrate the defendants were involved in the actions described in the complaint and that the defendants could not be held liable in their supervisory capacities. In addition, the Magistrate Judge concluded the defendants were entitled to qualified immunity and that plaintiff's allegations regarding defendants Haynes and Hutto colluding with other defendants and participating in a

conspiracy to violate his rights were insufficient to demonstrate personal involvement on their part. Further, the Magistrate Judge found that the Eleventh Amendment prevented the court from having jurisdiction over any claims asserted against the defendants in their official capacities.

Plaintiff contends the Magistrate Judge erred by failing to consider alternative measures such as directing plaintiff to file a more definite statement. However, plaintiff has not attempted to describe what additional allegations he would have put forth in a more definite statement or explain how the filing of a more definite statement would have prevented dismissal of his claims against the defendants.

In addition, plaintiff asserts the Magistrate Judge erred by failing to convert the motion to dismiss, filed by pursuant to Rule 12, into a motion for summary judgment filed pursuant to Federal of Civil Procedure 56. Rule 12(d) provides that if matters outside the pleadings are presented in support of a motion to dismiss filed under Rule 12(b)(6), the court shall treat the motion as a motion for summary judgment under Rule 56. In this case, however, the defendants did not present any material outside the pleading in support of their motion. As a result, there was no basis for converting the motion to dismiss into a motion for summary judgment.

Plaintiff also asserts his allegations were sufficient to demonstrate personal involvement on the part of the defendants and that they improperly acquiesced in the actions of their subordinates. Plaintiff's complaint provides several examples of alleged mistreatment by prison employees. However, plaintiff has not alleged facts demonstrating the defendants had a hand in such mistreatment. Nor has he alleged facts demonstrating a causal connection between a policy implemented by the defendants and the harm he suffered. He has therefore failed to state a claim against the defendants in their individual capacities. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) (facts alleged must show a defendant's participation in the constitutional violation); *Brown v. Taylor*, 911 F.3d 235, 245 (5th Cir. 2018) (allegations must establish a causal connection between supervisor's conduct and the constitutional violation).

Finally, petitioner asserts the Eleventh Amendment does not provide a proper basis for dismissing claims asserted against these defendants in their official capacities. However, the

Eleventh Amendment bars claims for money damages against prison employees in their official capacities.  *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002).

ORDER

Accordingly, plaintiff's objections are **OVERRULED**.  The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ACCEPTED**.  The motion to dismiss is **GRANTED**.  The claims asserted against defendants Collier, Davis, Linthicum, Haynes and Hutto are **DISMISSED**.

**So Ordered and Signed**
**Jun 3, 2020**

_____
Ron Clark
Senior Judge